FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2005 MAY 24 AM 9: 40
[signature]
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR 304-018 |
| | ) | |
| TYRONE BOYNTON | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The United States of America ("the Government") has accused Defendant Tyrone Boynton of possessing cocaine with intent to distribute. Boynton requested a <u>Jackson v. Denno</u> hearing to inquire into the "voluntariness of any statements made by Defendant and for the suppression of said statement(s) as violations of the rules set in <u>Miranda v. Arizona</u>, 384 U.S. 436." (Doc. no. 20, p. 1). The Court conducted a hearing and heard oral argument on February 2, 2005. Upon consideration, it is clear that no statement made by Boynton was given involuntarily or otherwise in violation of his rights.

At the hearing, the Court heard testimony from Treutlen County Sheriff Thomas H. Corbin, who participated in Boynton's arrest and post-arrest interview. Sheriff Corbin testified that on April 2, 2004, at approximately 2:30 a.m., a group of law enforcement officers, including Sheriff Corbin, went to Boynton's residence to conduct a search pursuant to a search clause which functioned as a condition of Boynton's probation.[1] Sheriff Corbin

---

[1] The Court is aware that Boynton contends the home is not his residence, and that he merely happened to be staying there at the time of the arrest; however, for the sake of simplicity, the Court will refer to the home as Boynton's residence herein. (See doc. no. 29, p. 3). At any rate, the constitutionality of the search has already been addressed and upheld by the Court. (See doc. no. 35, *adopted by* doc. no. 38).

testified that after reading Boynton the search clause, Boynton volunteered that he did not live in the residence. The officers then conducted their search, and after finding large amounts of suspected drugs and currency, Sheriff Corbin arrested Boynton and read him his Miranda rights. Sheriff Corbin testified that Boynton was then transported to the Treutlen County Sheriff's Office.

Sheriff Corbin also testified that later that day, at 3:40 p.m., he conducted an interview of Boynton at the Sheriff's Office. First, Sheriff Corbin read Boynton his Miranda rights again; Boynton averred that he understood his rights and that he was willing to speak with Sheriff Corbin. Sheriff Corbin testified that the interview was conducted in a "back office" of the Sheriff's Office and that during the interview Boynton was not handcuffed or restrained in any way. At no point did Boynton request an attorney or ask to stop the interview.

Instead, Boynton proceeded to tell Sheriff Corbin about a drug dealer he knew who could bring him a "kilo" of cocaine. At this point, Sheriff Corbin contacted the United States Drug Enforcement Administration ("DEA") and informed DEA Agent Rob Livingston of Boynton's assertion. Agent Livingston arrived at the Sheriff's Office shortly thereafter, and Sheriff Corbin and Agent Livingston conducted a further interview. Once again, at no time did Boynton request an attorney or ask to stop the interrogation.

Upon cross-examination by Boynton's counsel, Sheriff Corbin admitted that he did not obtain a written Miranda waiver, although he remained adamant that he properly informed Boynton of his Miranda rights and that Boynton had orally waived those rights. That having been noted, aside from the absence of a written waiver, Boynton has offered

2

nothing to support the contention that he did not waive his rights knowingly, voluntarily, and intelligently.[2] In short, Boynton would have the Court infer that his statements were made involuntarily based solely on the fact that Sheriff Corbin did not obtain a written Miranda waiver.

The law does not require such an inference, and the Court is not persuaded that it should set aside Sheriff Corbin's uncontradicted testimony in order to make that inference in this case. Rather, Sheriff Corbin's testimony that Boynton made an express oral waiver of his rights is "strong proof of the validity of that waiver." North Carolina v. Butler, 441 U.S. 369, 373 (1979). In fact, a valid Miranda waiver can be found even in the absence of an explicit statement. See, e.g., Butler, 441 U.S. at 373 (explaining that written or even express oral waiver is not strictly necessary and that a valid Miranda waiver can be inferred from the defendant's conduct); Sullivan v. State of Alabama, 666 F.2d 478, 483 (11th Cir. 1982)(same); United States v. Stephens, 202 F. Supp.2d 1361, 1370 (N.D. Ga. 2002)("[I]n the absence of evidence suggesting that defendant's post-arrest statements to [law enforcement officials] were involuntary, no explicit advice-of-rights waiver is required." (citation omitted)). In sum, the Government has met its burden of establishing that Boynton's statements were made voluntarily and that Boynton made a knowing, intelligent, and voluntary waiver of his Miranda rights.

Accordingly, the Court **REPORTS** and **RECOMMENDS** that Boynton's motion

---

[2]Despite an invitation from the Court, Boynton has not offered an affidavit, testimony, or any other evidence to contradict Sheriff Corbin's sworn testimony.

3

for the suppression of "any statements made by Defendant" (doc. no. 20) be **DENIED**.

SO REPORTED and RECOMMENDED this 24th day of May, 2005, at Augusta, Georgia.

*[signature]*
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

# United States District Court
## Southern District of Georgia

UNITED STATES OF AMERICA    *

           vs.    *      CASE NO. CR304-18

TYRONE BOYNTON    *

                           *

                           *

The undersigned, a regularly appointed and qualified deputy in the office of this Clerk of this District, while conducting the business of the Court for said Division does hereby certify the following:

1. Pursuant to instructions from the court, and in the performance of my official duties, I personally placed in the U.S. Mail a sealed envelope bearing the lawful frank of the Court, and properly addressed to each of the persons, parties or attorneys listed below; and

2. That the aforementioned envelope(s) contain a copy of the documents known as Rpt & Recomm dated 5/24/05, which is part of the official records of this case.

Date of Mailing: 5/24/05
Date of Certificate: 5/24/05

SCOTT L. POFF, CLERK

By _L. Jackson_

NAME:
1. Tyrone Boynton
2. John E. Morrison
3. tickler file
4. 
5. 
6. 
7. 

Cert/Copy
- ☐ ☐ District Judge
- ☐ ☒ Magistrate Judge
- ☐ ☐ Minutes
- ☐ ☐ U.S. Probation
- ☐ ☐ U.S. Marshal
- ☐ ☒ U.S. Attorney
- ☐ ☐ JAG Office

Cert/Copy
- ☐ ☐ Dept. of Justice
- ☐ ☐ Dept. of Public Safety
- ☐ ☐ Voter Registrar
- ☐ ☐ U.S. Court of Appeals
- ☐ ☐ Nicole/Debbie
- ☐ ☐ Ray Stalvey
- ☐ ☐ Cindy Reynolds