# ORIGINAL

FILED
U.S. DISTRICT COURT
2008 MAR 14 PM 12: 28
CLERK SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

TYRONE BOYNTON,      )
                     )
        Petitioner,  )
                     )
    v.               )        CV 307-057
                     )        (Formerly CR 304-018)
UNITED STATES OF AMERICA,  )
                     )
        Respondent.  )

## ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation ("R&R"), to which no objections have been filed. Accordingly, the R&R of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Therefore, Petitioner's 28 U.S.C. § 2255 motion is **GRANTED**. Petitioner's judgment in the underlying criminal case is **VACATED**. (CR 304-018, doc. no. 53). Simultaneous with the entry of this Order, the Court is entering a new Judgment and Commitment Order ("J&C") that reimposes the same sentence, identical in all respects to the original J&C (CR 304-018, doc. no. 53), save only for the date of entry.

Petitioner is **HEREBY ADVISED** that with the entry of the new J&C, Petitioner shall have all the rights associated with an appeal from any criminal sentence. The Court also specifically **ADVISES** Petitioner that the entry of the new J&C creates a ten-day period within which Petitioner may prosecute a direct appeal of his criminal sentence. Thus, Petitioner shall have **ten (10) days** from the date of entry of the J&C to file a notice of

appeal.[1]  Finally, the Clerk of the Court is **DIRECTED** to **CLOSE** this civil action and

**ENTER** a final judgment in this civil action in favor of Petitioner.

SO ORDERED this ⁄⁄⁄th day of March, 2008, at Augusta, Georgia.

_____
UNITED STATES DISTRICT JUDGE

---

[1] Petitioner requested that if his right to appeal is reinstated, the Court appoint counsel to represent him. CR 304-018, doc. no. 58, p. 5. In the "Government's Response to [Petitioner's] 28 U.S.C. § 2255 Motion," the Government indicated that John Morrison, Petitioner's retained counsel in CR 304-018, "stated that if the Court could reinstate [Petitioner's] appeal right, he will pay the appeal fees and brief [Petitioner's] case to the Eleventh Circuit Court of Appeals." (Doc. no. 3, p. 3). Nevertheless, because Petitioner requested that the Court appoint counsel to represent him, the Magistrate Judge directed Petitioner to submit, within the time period allowed for filing objections to the R&R, a financial affidavit indicating that he qualifies for the appointment of counsel. (Doc. no. 4, p. 6). After Petitioner failed to file a financial affidavit, or otherwise respond to the R&R, the Court afforded Petitioner ten (10) additional days to file a financial affidavit and cautioned Petitioner that, if he failed to comply after that extension, the Court would adopt the R&R and re-impose Petitioner's sentence without appointing counsel. (Doc. no. 6). Petitioner has failed to submit a financial affidavit, and thus, Petitioner's request for appointment of counsel is **DENIED**. (Doc. no. 2, p. 5). Although the Court cautions Petitioner that he is responsible for filing a notice of appeal within **ten (10) days** from the date of entry of the J&C, the **CLERK** is **DIRECTED** to serve Mr. Morrison with a copy of this Order.